Mr. Justice Hagner
delivered the opinion of the Court :
The declaration in this case contains sixteen counts based upon sixteen promissory notes signed by the defendant, seven bearing date in February, 1885, and nine in July, 1885.
The plaintiff company, manufacturers of printing presses, in February, 1885, entered into an agreement with defendant under which they delivered to him a printing press. The contract executed between them was in the form of a lease. It set forth that the plaintiff company, thereinafter called the lessor, “ doth let and hire for use unto the said lessee,” Henkle, a press therein described, “ for the term of twenty-seven months from the date hereof, at the rent or hire of $700, $100 payable on receipt'of the bill of lading *96 and the residue in equal instalments, evidenced by promissory notes; the first payable in one month after the receipt of the bill of lading, and the others successively in eacli succeeding mouth. It was further stipulated between the parties, that if default should be made in the payment of any of the instalments, it should bo lawful for the lessor to resume possession of the property, and to enter upon the premises of the lessee or upon any other premises where it might be found and remove it, as though the contract had never been made. • The lessor further agreed, when all the instalments notes should be paid, to execute a bill of sale of the property to the lessee, but until this should be done, the title should remain in the lessor.
The property was delivered in February, 1885, at which time the notes for the instalments bear date, and the defendant then made the cash payment, and ho continued to pay the accruing notes until June 8, 1885.
At this time Henklc desired to obtain a better press, and another agreement was made between the parties, under which the old press was to be exchanged for another, and additional payment to be made on the exchange. A contract was executed by the parties, similar in all respects to the former, except as to the description and price of the property and the number and amount of the notes to be given for the successive instalments. By this contract the press was “ to be let or hired for the term of thirty months from date, at the rent or hire of $1,540,” payable in thirty-one instalments — the first to be paid in cash, and the rest in monthly payments, to be reckoned from July 8, 1885. The contract contained a stipulation that “ the lessor,” the plaintiff company, when it delivered the new press, would take back the old press at the valuation of $700, the price at which it was described in the first contract, as part of the amount to be paid on the new purchase.
At the time the new press was delivered, Henkle was carrying on the printing business jointly or in partnership *97 with one Polkinhorn, and the new press was used in that business, as the former one had been. Henkle continued to make payments to the plaintiff by taking up all the notes he had given on account of the old press, as they fell due, except the last seven of that series, which are sued upon in this action; so that by April, 1886, he had paid the plaintiff $490. A considerable part of this sum had been paid after the old press had been returned, as the plaintiff still held the notes that had been given on that transaction. At this date, according to Henkle’s contention and the testimony of his witnesses, the partnership between him and Polkinhorn was dissolved, and it was agreed between the former partners and the plaintiff, that Polkinhorn should occupy the original position of Henkle; that the latter should be discharged from any further responsibility for the new purchase and the plaintiff would look to Polkinhorn alone for the notes representing the balance remaining due to the company on the second contract. This claim was denied by the plaintiff, but upon the whole evidence the jury found for Henkle upon this issue, which acquitted him in that trial of any liability for the last nine notes sued on. It appeared further in the proof, that in January, 1887, the plaintiff took the new press away from Polkinhorn, a circumstance to be considered in any action brought by the plaintiff against Polkinhorn, in ascertaining the amount due by the latter.
The remaining claim against Henkle was upon the seven notes given by him under the first contract and remaining unpaid. The justice below instructed 'the jury to find a verdict- for the plaintiff upon these notes, which was accordingly done and the correctness of this instruction remains to be considered.
We are of the opinion the instruction -was erroneous. According to our understanding of the terms of the first contract, that transaction was not a sale of the property, out arid out, but was a letting and hiring for use of the press *98 to Henkle, called the lessee, for a designated term ; the title being expressly retained by the plaintiff, the lessor, until the notes should all be paid.
The plaintiff exacted this form of contract for the express purpose of retaining the.title of the property in himself, until he had been fully paid,’and reserved the right to reclaim the property whenever any instalment should become overdue and unpaid. It cannot claim all the benefit of this arrangement and change the consideration and character of the notes. These notes-were declared to be given as rent of the first machine ; and the right to exact rent must cease when “the lessor” has repossessed himself of the property rented. As long as Henkle held possession of the first press he paid the notes as they fell due. In fact he continued to pay the notes after the property had been restored to the plaintiff. But the plaintiff had the right to receive these payments, and in the absence of instructions to the contrary, to credit them upon the second transaction, until the novation of that contract by the substitution of Polkinhorn in the place of Henkle.
After the first press had been taken by the plaintiff, the company at once might have made a similar lease of it to some third person,'and receive from the new lessee similar notes for its rent, during the period covered by Henkle’s unpaid notes; and if a recovery could be had against' Henkle for those notes, the plaintiff would then be receiving double rent for the same property, while but one or neither of the said lessees might be enjoying tlio property for which the payment of i-ent was exacted.
For these reasons wo think there can now be no recovery against Henkle upon either series of notes : not upon the first seven sued on, for the reason just given ; nor upon the last nine, because the jury below found the defendant had been exonerated from liability upon the series of notes by the novation of the contract which substituted Pollcinhorn in the place of the defendant.

Judgment reversed, cmd, anew trial granted.